UNITED STATES of America, Plaintiff,

v.

Raymond KLEIN, trading and doing business as Klein's Celery, Defendant.

Civ. A. No. 468-56.

United States District Court
D. New Jersey.

Oct. 19, 1956.

Charles Hoens, Asst. U. S. Atty., Newark, N. J., for plaintiff.

James R. Giuliano, by Vincent J. Agresti, Meyer Dubow, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

Findings of Fact

1. The defendant, Raymond Klein, trading and doing business as Klein's Celery (hereinafter called Klein) has his place of business at 193 Miller Street, Newark, New Jersey.

2. Leo Davis is a wholesale produce merchant having his place of business in the Farmers' Market, Newark, New Jersey, and is licensed to operate by the Department of Agriculture under the Perishable Agricultural Commodities Act, 7 U.S.C.A. § 499a et seq.

3. Martin Glucksman, a trucker, was employed by Klein prior to May 15, 1956 to transport celery that Klein had purchased in New York City to Klein's store in Newark.

4. The defendant Klein's license issued under the Perishable Agricultural Commodities Act to operate as a commission merchant, dealer or broker in fresh fruit or vegetables was suspended on May 16, 1956 upon his failure to either pay or appeal a reparation award entered against him by the Secretary of Agriculture under the provisions of the said Act, 7 U.S.C.A. § 499g.

5. On June 26, 1956 a preliminary injunction was entered in this cause by consent, restraining and enjoining Klein, his respective agents, representatives and successors, and all other persons in active concert and participation with him, from carrying on the business of a commission merchant, dealer, or broker of perishable commodities to the extent that such business is required to be licensed under the

Perishable Agricultural Commodities Act.

6. On May 16, 1956 Klein advised Davis of his troubles with the Department of Agriculture and requested Davis to help him by purchasing celery in New York City.

7. Davis agreed to purchase celery for Klein in New York City and for about one week billed Klein the exact purchase price with no mark-up or profit to Davis.

8. Thereafter, and continuing down to the present date, Davis has purchased celery for Klein in New York City three or four times a week, and has charged Klein the purchase price, plus a small mark-up, which said mark-up, Davis admits, is about one-half of that Davis charges all other customers of his.

9. From May 16, 1956 to June 29, 1956 Glucksman billed Klein for the trucking charges at the rate of 15¢ per crate of celery.

10. From June 29, 1956 to the present date Glucksman has billed Davis for the trucking charges at the rate of 15¢ per crate of celery.

11. From June 29, 1956 to July 26, 1956, Davis sold Klein over 2,000 crates of celery. Considering the cost of cartage, on 55% of these crates Davis made no profit; on 22% his profit per crate was 10¢ or less; on 17% his profit per crate was 35¢ or less; and on 6% it was over 35¢ per crate.

12. During the period from May 16, 1956 to July 26, 1956, Davis purchased as little as 50 crates of celery and as much as 222 crates of celery per day, but an average of about 140 crates of celery for Klein was purchased each day.

13. Davis only needed about 10 to 20 crates of celery per day for his own business and would never have purchased more than that amount of celery in New York City but for the orders he received from Klein. Until May 16, 1956 Davis purchased his celery from Klein.

14. From May 16, 1956 to the present date the celery in question has been brought from New York City to New Jersey by Martin Glucksman.

15. Glucksman would receive his orders generally from Klein and only occasionally from Davis as to where to pick up the celery in New York.

16. Glucksman, on bringing the celery to New Jersey, would first stop at Davis' store to drop off those few crates of celery Davis had purchased for himself, and would then continue to Klein's store to deliver the balance. On several occasions Glucksman would go directly from New York City to Klein's store. The main trip that Glucksman made from New York City was to Klein, and not Davis.

17. Klein has not changed his method of operations in any essential manner since May 16, 1956, with the sole exception that the purchase of the celery in New York City is now done on the credit of Davis, and not on the credit of Klein.

18. The purchase of the celery in New York City by Davis was for the sole purpose, so far as Klein was concerned, of permitting Klein to continue in business after his license had been suspended by the Secretary of Agriculture.

19. The purpose of Klein in his request of Davis to purchase celery in New York City was to create a means or device intended to remove these transactions from the provisions of the Perishable Agricultural Commodities Act.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of the transaction.

2. The celery purchased in New York City and brought to New Jersey is normally in interstate commerce.

3. The purchase by Davis of the celery in New York City and the re-sale of the celery from Davis to Klein was a means or device intended to remove the transactions in respect thereto from the provisions of the Perishable Agricultural Commodities Act.

4. The purchase by Klein of celery from Davis under the arrangement between Klein and Davis was a purchase of commodities in interstate commerce.

5. Klein had to have a license to operate under the Perishable Agricultural Commodities Act.

6. Since June 26, 1956 the above purchases of celery by Klein have been in violation of the preliminary injunction entered in this cause.

7. Klein is in contempt of the preliminary injunction entered in this cause on June 26, 1956.